Harper, Ch.
Complainant’s testator brought an action at law against the defendant, for the balance of an account, alleged to be due by his intestate. At the trial, defendant established various demands by way of set off, and gave, in evidence, a receipt by the agent of complainant’s testator to defendant’s intestate, acknowledging the receipt of five hundred dollars in money, and an order by Thomas Chaplin on Brown & Tunis for three hundred dollars. The jury found a verdict for the defendant for $834 30f. This receipt, however, as proved in the present cause, was for the testator’s own money, which had been delivered to the intestate, Richmond, by Mr. Thomas Chaplin, to be carried to the testator, Wm. M. 'Barnes. The bill seeks to be relieved against the verdict, on the ground of the surprise. The bill also states that the testator had paid to the intestate, Richmond, $300; the receipt, or evidence of which payment, was rejected as informal or inadmissible, and claims relief on this ground.
So far as respects this latter ground, nothing is shown to warrant the interference of this Court. The former, however, stands; I think, on a different footing. It is a well-established part of the jurisdiction of this Court, to relieve against verdicts or judgments at law, by its own decree, or by compelling the parties to submit to a new trial at law, even where the defence is of such a nature as might have been made at law ; where the party has been prevented from making his defence, by fraud or accident, without any laches of his own. I think these circumstances must concur, that it was out of the party’s' power to avail himself of the defence, and that this was occasioned by no fault or neglect of his own. See Winthrop, Todd and Winthrop vs. Survivors of Lane, Son and Fraser, 3 Des. 323, and note, 325. *460 Unless the plaintiff at law was specially notified, that this receipt was'intended to be produced on the trial, he had no reason to expect that it would be produced, and could -not have been prepared with testimony to explain it. As it was not' given by himself personally, but by his agent, it is probablé he did not know; of its existence. In his account against Richmond, filed with the declaration, no charge is made, for the '$>500; and the order for; $300, received- on his account from Chaplin.. From the nature of the transaction,, he could not ha've divined that such testimony would be offered, unless directly informed, and it could be no laches that he was unprepared to meet it. The defendant,in his answer,-“denies that the complainant was taken by surprise, by any charge exhibited by him in said cases, as all his charges were made out and pleaded by way of discount, so that the complainant could see how to answer them.” This statement seems to have been made by mistake, as upon examining the’record at law, no plea or notice of- discount appears to have been filed.' It.is. probable, that according to the usual liberal, or rather loose, practice of the Bar, evidence to .establish a" set-off was admitted, without a formal plea or notice., Or, if a notice of discount were given, it may not have been such as to’ apprise the plaintiff of the character of this receipt. It was urged, in. argument, that the sort of surprise which will' entitle a party, against whom a judgment at law has been obtained, to relief, must be such as to amount to fraud in thé opposite party. This would, be .to confound the distinction between fraud and accident. ' The authority relied on, (i Fonb. 125) -has relation to a different, matter. The author speaks of parties being induced to enter into- agreements by surprise. If a party will sign an agreement, without knowing what it contains, unless he be drawn in to do so by some fraudulent contrivance of the opposite party, he. has no title to relief on the ground of surprise. It is his folly and neglect.' Some countenance might seem to be given to such an opinion by a dictum of Ford Hardwicke, in Williams vs. Lee, 3 Atk. 223 — that, the' cases for relief are where the plaintiff knows a fact to be otherwise than the jury *461 find, and the defendant is ignorant; as, where the defendant, after the trial, finds a receipt for the debt in his own possession. Certainly, however, there have been many cases in which the Court has relieved, though no fraud could be imputed to the plaintiff. Robinson vs. Bell, 2 Vern. 447, and see Richards vs. Symes, 2 Atk. 319. No case, I believe, lays down that the plaintiff must have been guilty of fraud to entitle the defendant to relief. See Hennell vs. Kelland, 1 Eq. Ca. Ab. 377 ; Blackhall vs. Combs, 2 Pr. Wms. 70; Gainsborough vs. Gifford, 2 Pr. Wms. 425. Perhaps, it would be a safe rule to say, that the transaction must be such as would have amounted to fraud, if the plaintiff had acted knowingly. In such a case, it is uncon-scientious for him to avail himself of the verdict, after he comes to a true knowledge of the case. In the present case, if Richmond himself had been sued, and made the same use of the receipt, it would have been a covincus device — suggestio falsi. He would have known for what purpose the receipt was given. The administrator, finding it among his papers, did not know. If he had known, he, too, would have been guilty of fraud.
It was further urged, that after the verdict, the complainant’s intestate might have obtained his remedy at law. He might have given notice of a motion for new trial, and the Appeal Court would have granted it on the evidence now produced. Accident or mistake is certainly a ground of jurisdiction in this Court. In cases of this sort, the Court of Chancery formerly exercised exclusive jurisdiction in relieving against verdicts or granting new trials at law. The Courts of Law have assumed greater latitude in granting new trials, and it is probable that one would have been granted on a shewing of the evidence now produced. The rules of law on the subject seem not to be very perfectly settled. Perhaps the jurisdictions may be concurrent. Without expressing any opinion on this point, however, I think there is reason to conclude that the complainant’s testator was not aware of the existence of the-evidence now produced, till it was too late to give the notice of a motion for new trial. The receipts given by Richmond to Mr. Chaplin, I suppose, were, *462 of course, in Mr. Chaplin’s possession. (This should have been more distinctly alleged and proved.) He may not have known that such receipts were ever given, and could not know that they were still in existence. Though parties are not entitled to relief, who have lost their remedy by laches, yet the Court does not require the extremest possible diligence. A similar objection might have been made in several of the cases referred to. In the case of a party finding a receipt in his own possession, after verdict against him, it would seem that there must have been some defect of diligence. In the case of Bateman vs. Willoe, 1 Sch. and Lef. 201, the Court refused to relieve, where the party, “by some mistake,” had failed to give notice of amotion for new trial, in due time. But there, nothing appeared to shew ivhy the party had failed to make his defence on the first trial.
I am sensible that the exercise of the equity jurisdiction in cases of this sort, is liable to great abuse. It is perhaps not possible to define with the exactness which would be desirable, the rulos by which the Court proceeds. Yet the Court cannot refuse its interference in cases coming clearly within the reason of precedents of acknowledged authority.
I should at once direct a new trial at law, if the parties had intimated any wish for it. I will put it in the power of either-of the parties, however, to try the matter anew at law, if they desire it: if not, it would perhaps occasion unnecessary delay and expense.
It is, therefore, ordered and decreed, if either party shall give notice to that effect, on or before the first of July next, that the said parties proceed to a new trial of the action of assumpsit brought by William M. Barnes against the defendant mentioned in the proceedings in this case, at the next sitting of the Court of Common Pleas for Beaufort District; no objection to be taken to the want of proper parties to the record at law. If no such notice be given, it is ordered that it be referred to the Commissioner of this Court, to report on the accounts of the parties, on which the judgment in the said action at law was rendered.